SANTINI FERTILIZER Co., Plaintiff and Appellee, v. MANUEL JIMÉNEZ Y JIMÉNEZ, Defendant and Appellant.

No. 5300.    Argued March 5, 1931.—Decided March 20, 1931.

González Fagundo & González Jr. for appellant. R. Buscaglia for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Santini Fertilizer Co., a corporation organized under the laws of Puerto Rico, filed suit against Manuel Jiménez to recover $677.67 and interest thereon, together with the sum of $200 contracted and paid as attorney's fees by the plaintiff. The defendant demurred to and answered the complaint. The case went to trial, and based on the pleadings and the evidence the court finally rendered judgment for the plaintiff.

Thereupon the defendant appealed, and he has assigned in his brief three errors, viz.: (1) error in overruling the demurrer; (2) that the judgment is contrary to law; and (3) that the judgment is not supported by the evidence.

In our opinion, the complaint is sufficient. It is set forth therein that the defendant bought on credit from the plaintiff a quantity of chemical fertilizer, for which the former subscribed and delivered to the latter five promissory notes which are described in detail and make a total of $677.67, the amount sued for.

There were allegations as to the maturity of all the prom-

issory notes, the attempted payment thereof by a check which could not be collected because the defendant had no balance to his credit in the bank on which the check had been drawn, a further demand of payment made upon the defendant, and his refusal to pay.

What more could it be required? The origin of the debt is stated. The chemical fertilizers sold by the plaintiff to the defendant were not paid by the mere delivery of the promissory notes. Section 1138 of the Civil Code, in so far as now pertinent, says:

"The delivery of promissory notes to order or drafts or other commercial paper shall only produce the effects of payment when collected or when, by the fault of the creditor, their value has been affected.

"In the meantime the action arising from the original obligation shall be suspended."

Nor was the debt discharged by the mere delivery of the check. In *Cestero* v. *Heirs of Eduardo Cestero,* 35 P.R.R. 908, 916, this Court, in referring specifically to checks, held: "The mere delivery of a check does not discharge the debt." Here it was expressly alleged that the check delivered by the defendant in payment of the debt which he owed to the plaintiff had not been paid.

The first error assigned is, therefore, nonexistent. Similarly as to the other two errors assigned. We have examined the evidence. It is conclusive as to showing the certainty of the debt; the attempted payment by a check drawn without funds; the nonpayment of the check; the renewed demand for payment; and the excuse implied in requiring delivery of the promissory notes before making the payment. We say "excuse," because, in our opinion, the evidence sufficiently establishes that, upon receiving at its principal office the check of the defendant, whom he trusted, the plaintiff stamped the promissory notes as canceled by payment and sent them by mail to the defendant, and the strong presumption exists that the same were received by him and are now in his pos-

session. The defendant asserted the contrary, but his testimony, which is that of a debtor who drew a check without funds to pay the debt involved, was not believed by the court. The circumstance that in the receipt which was delivered to the defendant by an employee of the plaintiff, to whom the defendant had handed the check in another town in this Island, it is stated that the promissory notes would be surrendered as soon as the check was cashed, does not overcome the proof of the return of the promissory notes prior to the collection of the check. The fact that a creditor has reposed confidence in his debtor, as was shown here, should not cost him the loss of his claim.

The argument that in the future the promissory notes might be sought to be collected is without merit. In adjudicating this case, the judge's conscience may feel at ease, confident that the promissory notes are in the possession of the debtor herein.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.